Kevin THOMAS, Plaintiff–Appellant,

v.

Robert A. FARLEY, Herb Newkirk, and George Bartles, Defendants–Appellees.

No. 93–3553.

United States Court of Appeals, Seventh Circuit.

Submitted May 25, 1994.

Decided Aug. 4, 1994.

---

Kevin Thomas, pro se.

Laurel Taback Twinney, Matthew C. Robinson, Office of Atty. Gen., General Litigation, Indianapolis, IN, for appellees.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

POSNER, Chief Judge.

An inmate of an Indiana state prison, Kevin Thomas, filed a complaint under 42 U.S.C. § 1983 claiming that his keepers had inflicted a cruel and unusual punishment upon him by refusing to permit him to attend his mother's funeral. He appeals from the judgment of the district court dismissing his suit on the ground that the complaint failed to state a claim. Fed.R.Civ.P. 12(b)(6).

According to the complaint, the allegations of which we must treat as true because the defendants have not as yet denied them, defendant Newkirk on November 12, 1992, authorized Thomas to attend his mother's funeral, which was scheduled for November 14. But on the day of the funeral the prison refused to let him go because there was no record of the authorization, a secretary having inadvertently left it sitting on her desk. Newkirk "explained [to Thomas] what [had] happened and, allegedly, [that] this unknown secretary did not see the importance of it [i.e., the authorization]."

This is a charge of negligence in the handling of Thomas's request, and negligence is not actionable in a suit under section 1983 complaining about the infliction of cruel and unusual punishments. *Farmer v. Brennan,* — U.S. —, — – —, 114 S.Ct. 1970, 1977–78, 128 L.Ed.2d 811 (1994). It is true that the complaint characterizes the defendants' motivation as "deliberate indifference," which is a correct statement of the required state of mind, *id.,* 114 S.Ct. at 1978, and that with immaterial exceptions the Federal Rules of Civil Procedure do not require that a complaint describe the alleged wrongdoing of which it complains with any particularity. Fed.R.Civ.P. 8(a)(2); *Hrubec v. National R.R. Passenger Corp.,* 981 F.2d 962, 963 (7th Cir.1992). But if a plaintiff does plead particulars, and they show that he has no claim, then he is out of luck—he has

pleaded himself out of court. *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 78 (7th Cir.1992); *Conn v. GATX Terminals Corp.,* 18 F.3d 417, 419 (7th Cir.1994); *Fryman v. United States,* 901 F.2d 79, 82 (7th Cir.1990). He is not saved by having pleaded a legal conclusion that if consistent with the facts would establish his right to relief, for he has shown that it is inconsistent with the facts. *Benson v. Cady,* 761 F.2d 335, 338 (7th Cir. 1985); cf. *Jones v. Morris,* 777 F.2d 1277, 1280 n. 5 (7th Cir.1985).

■ So Thomas must lose; and we therefore need not consider the underlying question whether intentionally denying an application for compassionate leave can ever constitute a cruel and unusual punishment. Although neither federal law nor Indiana law entitles prisoners to compassionate leave or for that matter even to have contact with their families in the prison, *Merrit v. Broglin,* 891 F.2d 169 (7th Cir.1989); *Toussaint v. McCarthy,* 801 F.2d 1080, 1113 (9th Cir. 1986), we may assume without having to decide that if the granting of such leave were customary and prison officials denied it on a particular occasion or to a particular prisoner in order to cause psychological distress, or with deliberate indifference to his mental health, this would state a claim for relief. Mental torture is not an oxymoron, and has been held or assumed in a number of prisoner cases, such as *Joseph v. Brierton,* 739 F.2d 1244 (7th Cir.1984); *Jordan v. Gardner,* 986 F.2d 1521, 1525–26 (9th Cir.1993), and *Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir.1992), to be actionable as cruel and unusual punishment. But Thomas's own narrative shows that this is not such a case. The denial of compassionate leave could not be thought a cruel and unusual punishment unless motivated in a particular way here negated by the complaint itself, which shows that Thomas was prevented from attending his mother's funeral only by a secretary's innocent if possibly careless mistake.

The judgment dismissing his suit is therefore

AFFIRMED.