Donald PARSONS, Plaintiff,

v.

**BOARD OF COUNTY COMMISSIONERS OF MARSHALL COUNTY, KANSAS, Kenneth Coggins, Marshall County Sheriff, and Scott Tormandson, Deputy Sheriff, Defendants.**

Civ. A. No. 94–2178–GTV.

United States District Court,
D. Kansas.

Dec. 16, 1994.

William Scott Hesse, Myers, Pottroff & Ball, Manhattan, KS, for Donald Parsons.

Michael K. Seck, Kurt A. Level, Fisher, Patterson, Sayler & Smith, Overland Park, KS, for The Board of County Com'rs of Marshall County, Kan., Kenneth Coggins and Scott Tormandson.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This is an action brought under 42 U.S.C. § 1983 alleging various constitutional violations. Defendants have filed a motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted, or in the alternative to dismiss the claims against the individual defendants on the basis of qualified immunity (Doc. 8). For the reasons that follow, defendants' motion to dismiss is granted.

### I. Background

Plaintiff's complaint alleges that while being held at the Marshall County Jail plaintiff was subjected to cruel and unusual punishment. Specifically, plaintiff alleges that "Marshall County Deputy Sheriff Scott Tormandson repeatedly and intentionally" told plaintiff that plaintiff's fiancée was "having sexual intercourse" with three different men. Complaint ¶ 7. Plaintiff alleges that these statements were not true. *Id.* He further alleges that the deputy sheriff's allegations caused plaintiff to become "very distressed," and that as a result, plaintiff "attempted to commit suicide on May 13, 1994, by slashing his wrists multiple times." Complaint ¶ 8. Plaintiff further alleges that he was taken to a nearby hospital where his wounds were treated. Complaint ¶ 9. He also alleges that he was denied proper medical treatment. Complaint ¶ 23.

Plaintiff's claims are presented in four counts, all of which appear to be brought under 42 U.S.C. § 1983 and are based upon alleged violations of his constitutional rights. In his first count plaintiff alleges that Deputy Sheriff Tormandson violated plaintiff's constitutional rights by subjecting him to cruel and unusual punishment. Count II alleges the same constitutional violation by all defendants because they were "deliberately indifferent to the needs" of plaintiff when he was "driven to suicide by the jailers." Complaint ¶ 19. Plaintiff alleges in Count III that defendants Marshall County (presumably the Board of County Commissioners of Marshall County) and Sheriff Kenneth Coggins failed to follow their own policy, practice, and procedures in obtaining medical treatment for plaintiff and as a result plaintiff was denied proper medical treatment. Finally, plaintiff claims that he was damaged because the "policies, practices and procedures of Marshall County and Sheriff Coggins are inadequate to meet the physical and psychological needs of Marshall County Jail prisoners." Complaint ¶ 25.

### II. Legal Standards

In ruling on a motion to dismiss, the court must assume the truth of all well-pleaded facts in plaintiff's complaint and view them in the light most favorable to plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). All reasonable inferences must be indulged in favor of plaintiff, *Swanson,* 750 F.2d at 813, and the pleadings must be liberally construed. *Gas-a-Car, Inc. v. American Petrofina, Inc.,* 484 F.2d 1102 (10th Cir.1973); Fed.R.Civ.P. 8(a). The issue in reviewing the sufficiency of a complaint is not whether

plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court may not dismiss a case for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ Fed.R.Civ.P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103. Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." *Bryan v. Stillwater Board of Realtors,* 578 F.2d 1319, 1321 (10th Cir.1977). While a plaintiff is not required to precisely state each element of the claim, Rule 8(a) nevertheless requires minimal factual allegations on those material elements that must be proved to recover. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). Finally, the court notes that it may not apply a "heightened pleading standard"—a standard more stringent than the usual pleading requirements of Rule 8(a)—in § 1983 cases alleging municipal liability. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* — U.S. —, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

### III. Analysis

To state a valid claim under § 1983 a plaintiff must allege that the defendants acted under color of state law to deprive him of a constitutional right. *Ruark v. Solano,* 928 F.2d 947, 949 (10th Cir.1991). The first step, then, is to determine which constitutional right is alleged to have been violated and then judge the validity of the complaint "by reference to the specific standard which governs that right." *Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989).

■ In his complaint, plaintiff alleges that he was subjected to "cruel and unusual punishment," and his response to the motion to dismiss specifically invokes the Eighth Amendment. "The Eighth Amendment, applied to the states through the Due Process Clause of the Fourteenth Amendment, prohibits infliction of cruel and unusual punishments on those convicted of crimes." *Miller v. Glanz,* 948 F.2d 1562, 1569 (10th Cir.1991). The rights of pretrial detainees, "those persons who have been charged with a crime but who have not yet been tried on the charge," are not controlled by the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535, 99 S.Ct. 1861, 1871–72, 60 L.Ed.2d 447 (1979). Rather, for punishment imposed before a determination of guilt, "the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment." *Ingraham v. Wright,* 430 U.S. 651, 672 n. 40, 97 S.Ct. 1401, 1413 n. 40, 51 L.Ed.2d 711 (1977); *see also Berry v. City of Muskogee,* 900 F.2d 1489, 1493 (10th Cir.1990) (holding that critical juncture for distinguishing between pretrial detainees, who are governed by the due process standard, and prisoners, who are governed by the Eight Amendment, is the time of conviction rather than sentencing).

It is not clear whether plaintiff was a pretrial detainee or a convict serving his sentence at the time of the incidents giving rise to his complaint. Plaintiff alleges in his complaint that he "was a resident of the Marshall County Jail awaiting trial on a criminal charge." Complaint ¶ 6. In his brief in response to defendants' motion to dismiss, however, plaintiff states that he was convicted of a crime and sentenced to the Marshall County Jail.

Plaintiff has not alleged any violation of the Fourteenth Amendment Due Process Clause, and the court will treat plaintiff's complaint as raising solely Eighth Amendment claims. Under the circumstances of this case, plaintiff would be afforded no greater rights under the Due Process Clause. *See Whitley v. Albers,* 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986) (due process clause affords no greater protection that does Eighth Amendment for inmate alleging excessive use of force); *Estate of*

*Hocker v. Walsh,* 22 F.3d 995, 998 (10th Cir.1994) (same constitutional standard applies to pretrial detainees as to convicted prisoners who allege denial of medical care).

Liberally construing plaintiff's complaint, the court can discern three separate bases for the alleged constitutional violations: (1) statements made by the deputy sheriff which led to plaintiff's psychological distress, (2) failure to protect plaintiff from his attempted suicide, and (3) failure to provide adequate medical care.

## A. Statements by Deputy Sheriff

■ Although plaintiff's complaint alleges no physical force used against him, the statements[1] that Deputy Sheriff Tormandson made to plaintiff could conceivably constitute cruel and unusual punishment. The Seventh Circuit recently noted that "[m]ental torture is not an oxymoron, and has been held or assumed in a number of prisoner cases ... to be actionable as cruel and unusual punishment." *Thomas v. Farley,* 31 F.3d 557 (7th Cir.1994) (citing cases).

The Tenth Circuit has recognized that psychological injury resulting from non-physical force could form the basis of a § 1983 claim based on a violation of the Eighth Amendment. *See Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir.1992). In *Northington,* the plaintiff, who had been serving a community corrections placement sentence, alleged that corrections officers stopped him on his way from the county jail to his community placement worksite, held a handgun to his head, threatened to kill him, and transported him back to the jail. *Id.* at 1522. Finding that plaintiff's alleged psychological injury resulting from the alleged death threat could constitute an Eighth Amendment violation, the Tenth Circuit panel reversed the district court's dismissal of the claim. *Id.* at 1524. In doing so, the court identified the basis of the potential Eighth Amendment violation as a use of excessive force. *Id.* at 1523.

Similarly, plaintiff in this case alleges a type of mental abuse by Deputy Sheriff Tormandson which led to psychological injury, and ultimately to physical harm in the form of a suicide attempt. Applying the teaching of *Northington,* the court will examine plaintiff's allegations in light of the standards for Eighth Amendment excessive force claims.

■ In addressing claims of excessive force by prison officials against inmates, the Supreme Court has stated that the Eighth Amendment forbids " 'the unnecessary and wanton infliction of pain.' " *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986) (quoting *Ingraham v. Wright,* 430 U.S. 651, 670, 97 S.Ct. 1401, 1412, 51 L.Ed.2d 711 (1977)). The analysis for determining whether an unconstitutional infliction of pain has occurred includes both an objective and subjective component. Under the objective component, a court is to ask whether "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992) (quoting *Wilson v. Seiter,* 501 U.S. 294, 302, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991)).

The *Hudson* Court held that it was not necessary that an inmate prove that he had suffered "significant injury" at the hands of prison officials in order to establish an Eighth Amendment excessive force claim. 503 U.S. at 9, 112 S.Ct. at 1000. At the same time, the Court stated that under the Amendment's objective component "de minimus uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind,' " are beyond "constitutional recognition." *Id.* (quoting *Whitley,* 475 U.S. at 327, 106 S.Ct. at 1088).

■ The *Hudson* Court thus preserved the recognized principle that de minimus uses of force are generally not encompassed within the Eighth Amendment's prohibition of cruel and unusual punishment. Courts

1. It is not clear from plaintiff's complaint how many times the deputy sheriff made comments to plaintiff regarding plaintiff's fiancée. The complaint refers to "allegations" about the fiancée and states that the allegations were made "repeatedly." It does appear, however, that the statements were all made the same day that plaintiff attempted suicide. Viewing the complaint in the light most favorable to plaintiff, the court will presume that the alleged statement about plaintiff's fiancée was made multiple times.

have consistently held that verbal taunts and harassment are not sufficient to state a constitutional deprivation. *See Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir.1979) (sheriff laughing at prisoner and threatening to hang him); *Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir.1987) (correctional officer using vulgar language); *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir.1985) (making verbal threats); *Ellingburg v. Lucas,* 518 F.2d 1196, 1197 (8th Cir.1975) (calling plaintiff by an obscene name).

Harassment of the sort alleged by plaintiff is insufficient to state a constitutional deprivation under the objective component described above. The statements made by Deputy Sheriff Tormandson, while no doubt ill-advised, hardly rise to the level of being "repugnant to the conscience of mankind." Plaintiff has not alleged any surrounding circumstances that would cause the statements to rise above the de minimus level. For example, there is no allegation that the deputy sheriff knew that plaintiff was particularly vulnerable or that he would likely suffer psychological harm as a result of the verbal harassment.

The facts alleged by plaintiff are easily distinguishable from those in *Northington,* discussed earlier, in which the Tenth Circuit reversed the district court's dismissal of plaintiff's claim. In *Northington,* the plaintiff alleged that corrections officers did far more than merely submit plaintiff to verbal abuse or harassment. He alleged that a corrections officer put a revolver to plaintiff's head and threatened to kill him. 973 F.2d at 1522. The *Northington* Court recognized that defendants' alleged use of a lethal weapon, in conjunction with threats to kill plaintiff, were of a far different nature than mere verbal threats and harassment. *Id.* at 1524.

The court concludes that plaintiff's allegations regarding statements made by Deputy Sheriff Tormandson, even when taken as true, do not state a constitutional deprivation under the Eighth Amendment.

### B. Failure to Protect Plaintiff's Safety

Plaintiff also appears to allege that defendants' subjected him to cruel and unusual punishment by failing to protect his safety.

An allegation that a prison official failed to protect an inmate from a known harm may state a constitutional violation. *Hovater v. Robinson,* 1 F.3d 1063, 1068 (10th Cir.1993) (citing *Santiago v. Lane,* 894 F.2d 218, 225 (7th Cir.1990)).

The proper Eighth Amendment test for reviewing such a claim is the "deliberate indifference" standard articulated in *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Under this standard, "an official or municipality acts with deliberate indifference if its conduct (or adopted policy) disregards a known or obvious risk that is very likely to result in a violation of a prisoner's constitutional rights." *Berry v. City of Muskogee,* 900 F.2d 1489, 1495 (10th Cir.1990). Deliberate indifference requires "a higher degree of fault than negligence, or even gross negligence." *Id.* at 1495 (citing *City of Canton v. Harris,* 489 U.S. 378, 388 & n. 7, 109 S.Ct. 1197, 1204–05 & n. 7, 103 L.Ed.2d 412 (1989)).

The *Berry* Court held that in order to establish deliberate indifference to an inmate's safety the plaintiff must show (1) "actual knowledge of the specific risk of harm . . . or that the risk was so substantial or pervasive that knowledge can be inferred;" (2) "fail[ure] to take reasonable measures to avert the harm;" and (3) that "failure to take such measures in light of [the] knowledge, actual or inferred, justifies liability for the attendant consequences of [the] conduct, even though unintended." *Id.* at 1498. These elements were recently found to apply in a prisoner suicide case by the court in *Estate of Hocker v. Walsh,* 22 F.3d 995, 1000 (10th Cir.1994).

In this case, plaintiff has alleged no facts that any prison official had knowledge of any risk that plaintiff would attempt suicide. Nor does the complaint contain any facts to suggest that the risk of attempted suicide was so substantial or pervasive that knowledge can be inferred. Even inferring that the deputy sheriff knew that his statements would cause plaintiff to experience some distress, the court cannot conclude that this gave the deputy sheriff or any other official knowledge that plaintiff was vulnera-

ble to incur psychological injury or posed a specific risk of suicide. For these reasons, the court concludes that plaintiff's complaint, even when viewed in the light most favorable to plaintiff, does not state a claim for violation of plaintiff's Eighth Amendment rights based on failure to provide for his safety.

### C. Failure to Provide Adequate Medical Care

The *Estelle* deliberate indifference standard also applies when an inmate alleges that prison officials failed to attend to serious medical needs. *Estelle* requires a two-pronged analysis. The first inquiry asks whether there is evidence of serious medical needs. *See Hudson*, 503 U.S. at 9, 112 S.Ct. at 1000 ("Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'") (citing *Estelle*, 429 U.S. at 103–04, 97 S.Ct. at 290–91). A constitutional violation occurs when a government official exhibits "deliberate indifference" toward such needs. *Frohmader v. Wayne*, 958 F.2d 1024, 1028 (10th Cir.1992).

In this case, plaintiff's claim must be dismissed because he has failed to plead any facts that would show he had any unmet medical needs or that his medical needs were serious.[2] Plaintiff alleges only that after his suicide attempt he was taken to the Marysville Community Hospital where his wounds were treated. He makes no allegations that there was any undue delay in obtaining medical treatment, that the medical treatment was inappropriate, or that he continued to have medical problems which were left untreated. Bare conclusory statements do not support a cause of action. *Hall v. Bellmon*, 935 F.2d at 1110.

---

2. In support of their motion to dismiss, defendants submitted an affidavit by Sheriff Kenneth Coggins which details the medical treatment provided for plaintiff after he cut his wrists. The court's function on a Rule 12(b)(6) motion is not to weigh the evidence but rather assess whether the plaintiff's complaint, standing alone, is legally sufficient to state a claim for which relief may be granted. *Miller v. Glanz*, 948 F.2d 1562, 1565

### IV. Conclusion

Plaintiff has failed to plead facts sufficient to support a claim that he was deprived of any constitutional rights. As a result, his claims, all brought under 42 U.S.C. § 1983, must be dismissed. Because of this finding, there is no need to address defendants' alternative motion to dismiss the individual defendants on the basis of qualified immunity.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss plaintiff's claims for failure to state a claim (Doc. 8) is granted.

This case is dismissed in its entirety.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**

---

(10th Cir.1991). In determining whether plaintiff has stated a claim, the court may not consider evidence or pleadings outside the complaint itself to resolve factual disputes. *See Reed v. Dunham*, 893 F.2d 285, 287 n. 2 (10th Cir.1990). As a result, the court has not considered the Coggins affidavit in making its ruling on defendants' motion to dismiss.