Christopher ASKEW, Plaintiff,

v.

J.W. FAIRMAN, et al., Defendant.

No. 94–C–0614.

United States District Court,
N.D. Illinois,
Eastern District.

March 22, 1995.

**560**

Christopher Askew, Menard, IL, pro se.

Terry L. McDonald, Nancy M. Black, Cook County State's Atty., Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Plaintiff Christopher Askew ("plaintiff") an inmate at Menard Correctional Center, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, against the Executive Director of the Cook County Department of Corrections, James W. Fairman, the Superintendent, Benny Caldwell, Lt. Hopkins and Correctional Officer Stokes. Plaintiff is proceeding *pro se* and seeks compensatory and punitive damages for the alleged violations of his constitutional rights. Defendants have moved to dismiss plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, defendants' motion is granted.

### FACTS

The facts recited below are taken from plaintiff's pleadings, which the court assumes to be true for purposes of this opinion. Plaintiff is and was at all times mentioned herein, in the custody of the Cook County Department of Corrections ("CCDOC"). Currently, he is confined in the Menard Correctional Center ("Menard") in Menard, Illinois. Plaintiff sues James W. Fairman, the Executive Director of the CCDOC; Benny Caldwell and Lt. Hopkins, Superintendents; and, Stokes, a correctional officer. Additionally, plaintiff sues Dunagan, Zurrick, Rozario, and Figueroa. Plaintiff is proceeding against defendants in their individual and official capacities.

Plaintiff claims that the defendants violated his constitutional rights under the Eighth Amendment. In support of his claim, plaintiff recites numerous conditions of his confinement while he was a pretrial detainee at the CCDOC in which he was forced to sleep on the floor, which was unclean, for months on end during the cold winter months. Plaintiff argues that the totality of these conditions violated his Eighth Amendment to be free from cruel and unusual punishment.

### DISCUSSION

When considering a motion to dismiss, the court views all facts alleged in the complaint, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir.1991). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Since plaintiff appears *pro se*, his complaint, however inartfully pleaded, must be construed liberally and held to less stringent standards than those applied to complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). However, although a plaintiff's *pro se* complaint is to be liberally construed under *Haines*, the plaintiff is still required to meet some "minimum standard of particularity." *Tarkowski v. Bartlett Realty Co.*, 644 F.2d 1204, 1207 (7th Cir.1980). Finally, if a plaintiff does plead particulars, and they show he has no claim, then he has pleaded himself out of court. *Thomas v. Farley*, 31 F.3d 557, 558 (7th Cir.1994).

### 1. Conditions in CCDOC

Plaintiff's main claim is that the overcrowded conditions of his confinement which forced him to sleep on the floor in the Cook County jail violated his constitutional

rights. The Supreme Court recently has held that to recover under 42 U.S.C. § 1983, the inmate must show the existence of "conditions posing a substantial risk of serious harm," and that the prison official's state of mind was one of "deliberate indifference." *Farmer v. Brennan,* —— U.S. ——, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). To demonstrate deliberate indifference, the inmate must show that the prison official knew of and disregarded an excessive risk to inmate health or safety. *Id.* at ——, 114 S.Ct. at 1979. Finally, the Court expressly held that the "Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id.*

■■■■ When considering an Eighth Amendment challenge to conditions of confinement, the court must examine the totality of the conditions. *Rhodes v. Chapman,* 452 U.S. 337, 363, 101 S.Ct. 2392, 2407–08, 69 L.Ed.2d 59 (1981). In order to state a claim under the Eighth Amendment, he must show that, objectively, the conditions were serious enough to be considered cruel and unusual. *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324–25, 115 L.Ed.2d 271 (1991). Second, if the plaintiff has satisfied the first element, he must know from a subjective point of view that the defendants acted with deliberate indifference. *Id. Farmer v. Brennan,* —— U.S. ——, ——, ——, 114 S.Ct. 1970, 1977, 1979, 128 L.Ed.2d 811 (1994) ("[d]eliberate indifference" requires that "the official knows of the disregards an excessive risk in inmate health or safety . . . ."). Conditions of confinement violate the Eighth Amendment when the conditions result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities." *Hudson v. McMillian,* 503 U.S. 1, 8–10, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992); *Rhodes,* 452 U.S. at 347, 101 S.Ct. at 2399–2400; *Jamison–Bey v. Thieret,* 867 F.2d 1046, 1048 (7th Cir.1989). Further, plaintiff must allege more than a

mere discomfort or inconvenience as a result of confinement. *Caldwell v. Miller,* 790 F.2d 589, 601 (7th Cir.1986). "Inmates cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988).

The plaintiff alleges the following factual bases for this claim. First, plaintiff was forced to sleep on the floor in October of 1990 for approximately one week, and from December 24, 1990 until approximately July of 1991; then, in September of 1991 he was moved to another cell which housed only one bunk and which was already occupied. Consequently, he was forced to sleep on the floor until he was issued a bunk in August of 1992. In short, the plaintiff was forced to sleep on the floor at various times from October 3, 1990 through November 25, 1992, during his incarceration. Second, the floor was infested with mice, roaches and other vermin which were constantly roaming around the floor. Third, the defendants placed plaintiff on various tiers where there were no cells available, again forcing plaintiff to sleep on the floor. Fourth, the floor temperature was approximately 35 degrees during the winter months. Fifth, the CCDOC was overcrowded. The plaintiff alleges that all of these conditions violate the Eighth Amendment.

Plaintiff alleges that a pre-trial detainee is given, upon arrival at CCDOC, one mattress, one pillow, one pillow case and two sheets. However, he along with other detainees who chose not to litigate, did not receive these "essential necessities." (Pl. response "conditions of confinement"). Instead, plaintiff alleges that he was forced to sleep on the floor in the cold winter months.[1]

In *Del Raine v. Williford,* 32 F.3d 1024 (7th Cir.1994), the Seventh Circuit indicated that a *pro se* plaintiff must plead allegations which "create a possible inference that he was routinely placed in a cell with unreasonably low temperatures and without adequate clothing" to show that the Eighth Amend-

---

**1.** Defendants cite *Johnson v. Pelker,* 891 F.2d 136 (7th Cir.1989), in support of their proposition that sleeping on a cold metal slab was not unconstitutional. In *Johnson,* the inmate was forced to sleep on a metal slab for two and a half days when his dry bedding was accidentally drenched

with water by prison officials who were attempting to prevent a confrontation between inmates. The court held that the officials' emergency actions could not be considered punishment or deliberate or reckless indifference to Johnson's welfare.

ment deprivation asserted is one of "constitutional magnitude." *See also, Hudson,* 503 U.S. at 6–8, 112 S.Ct. at 999; *Wilson,* 501 U.S. at 296–98, 111 S.Ct. at 2323. Plaintiff has not pled allegations which create a possible inference that he was placed in cells with unreasonable temperatures, even though he was forced to sleep on the floor during the cold Chicago winter months.

▬ The conditions complained of are not serious enough to be considered cruel or unusual punishment, because these conditions do not result in a serious deprivation of basic human needs. The conditions, although perhaps unsanitary and uncomfortable, do not deprive plaintiff of the minimal civilized measure of life necessities. Plaintiff alleges that he "missed much rest" due to the severe discomfort of the cold floors on which he was forced to sleep. Plaintiff also alleges that he suffered great mental anguish and agony as a result of the unsanitary and uncomfortable conditions. The conditions plaintiff complains of do not pose a "substantial risk of serious harm." *Farmer v. Brennan,* —— U.S. ——, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). Furthermore, the "Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments'." Mr. Askew's allegations cannot, under *Farmer,* be characterized as "punishment" and therefore do not allege deprivations of constitutional magnitude.

### 2. *Individual Capacity*

▬ However, even if the allegations plead by the plaintiff are sufficient to satisfy the "constitutional magnitude" standard, Plaintiff would still need to show that the defendants either directly participated in the alleged wrongdoing, *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983) (a government official may not be liable in his individual capacity unless he caused or participated in the alleged wrongdoing); *McBride v. Soos,* 679 F.2d 1223, 1227 (7th Cir.1982) (same), or had knowledge of the plaintiff's conditions

and were "deliberately indifferent" to the problems alleged. *Wilson v. Seiter,* 501 U.S. 294, 301–03, 111 S.Ct. 2321, 2326–2327, 115 L.Ed.2d 271 (1991). *See also Dziadkowiec v. Fairman,* 1993 WL 367097, *3, 1993 U.S.Dist. LEXIS 12961, *7 (N.D.Ill. Sept. 15, 1993). In addition, a plaintiff must establish some affirmative link between the acts or omissions of the government official and the plaintiff's alleged injury to render the official liable in his individual capacity. *Wolf–Lillie,* 699 F.2d at 569. Plaintiff has failed to show that the defendants knew of plaintiffs' alleged situation, let alone that any one of these defendants were deliberately indifferent to his constitutional rights. At most, plaintiff merely claims that he filed a grievance requesting remedies for the alleged problems and that nothing was done to remedy his situation. This allegation, by itself, is not a sufficient basis from which the court may infer that defendants knew of and disregarded an excessive risk to inmate health and safety. See *Del Raine,* 32 F.3d at 1051 (citing *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir.1992); *Wilson,* 501 U.S. at 299–301, 111 S.Ct. at 2325). Moreover, an officer's failure to alleviate a significant risk that he should have perceived, but actually did not, cannot be condemned as the infliction of punishment. *Farmer,* —— U.S. at ——, 114 S.Ct. at 1979. In addition, this allegation does not establish an affirmative link between the alleged injuries caused by the purported violations and the acts or omissions of the individual defendants.[2] Thus, plaintiff's allegations regarding the conditions in the CCDOC do not state an Eighth Amendment claim.

### 3. *Conspiracy*

▬ In order for a plaintiff to show a conspiracy, he must properly allege that at least two or more people acted in concert to commit an unlawful act. *Hampton v. Hanrahan,* 600 F.2d 600, 620 (7th Cir.1979). An agreement between the two parties must exist. *Id.* Plaintiff has failed to make a showing that an agreement existed between the

---

**2.** For instance, plaintiff does not claim that defendant Fairman received his grievance, re-

viewed it, and deliberately chose to ignore the alleged problems.

officers and the officials at the CCDOC in order to further a conspiracy. Without a factual basis, plaintiff's conclusory allegation that he slept on the floor does not state a claim for a conspiracy between the CCDOC named defendants. Therefore, plaintiff's conspiracy theory must fail.

### 4. *Official Capacity*

Claims against government officers in their official capacity are actually claims against the government entity for which the officers work. *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985). Claims for money damages which are asserted against government officials in their official capacity are considered to be suits against the governmental entity that employs the officer. The State is not a "person" that can be sued under § 1983, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Municipalities and other local subdivisions of the State, however, are considered persons for purposes of suit under § 1983. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 689, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In cases involving state rather than municipal or local officials, a local policy or custom must be proven to establish liability. *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). In no case is *respondeat superior* a recognized theory under § 1983. *Monell*, 436 U.S. at 691, 98 S.Ct. at 2036. Therefore, in order for a plaintiff to succeed on an official capacity claim under § 1983, the plaintiff must allege that the action taken under color of state law caused the deprivation of a federal right and can be definitively linked to the governmental entity's policy or custom. *Graham*, 473 U.S. at 166, 105 S.Ct. at 3105; *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037–38. *See also Hill v. Shelander*, 924 F.2d 1370, 1372 (7th

Cir.1991). Where there is no formal written policy, a showing of a pattern or custom of unconstitutional conduct will suffice. *Powe v. City of Chicago*, 664 F.2d 639, 650 (7th Cir. 1981). To establish a government policy or custom, the plaintiff must allege a specific pattern or series of incidents that support the general allegation of a custom or policy. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir.1986). One allegation of unconstitutional conduct does not show that a policy, practice or custom exists. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 822–23, 105 S.Ct. 2427, 2435–36, 85 L.Ed.2d 791 (1985). Thus, acts by individual supervisory employees are not automatically indicia of policy or established practice. *Gray v. County of Dane*, 854 F.2d 179, 184 (7th Cir. 1988). Plaintiff fails to point to any conduct by the defendants approving or condoning any policy or regulation that promoted inmates sleeping on the floor during the winter months. Furthermore, the plaintiff does not allege that any of the defendants were personally involved in having him sleep on the floor. Nor does the plaintiff allege a pattern of conduct by the supervisors to allow inmates to sleep on the floor in the cold winter months. Plaintiff merely alleges that the supervisors' failure to deal with the overcrowding problem constitutes a decision or a custom.[3] These vague and conclusory allegations do not state a claim under Fed.R.Civ.P. 12(b)(6).

### CONCLUSION

Weighing all of the facts in the pleadings together and not simply viewing each incident in isolation, plaintiff has not adequately stated a claim for a violation of his constitutional rights. Even under the liberal standards applicable to *pro se* claimants, plaintiff has failed to allege sufficient facts in support

---

**3.** In *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), the Court held that overcrowded situations were not *per se* unconstitutional. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminals pay for their offenses against society." *Id.* at 345–47, 101 S.Ct. at 2398–2400. The Court held that overcrowding did not constitute cruel and unusual punishment, if all other living conditions were maintained adequately: food, noise not excessive, availability of space in day rooms, free of offensive odor, temperature in cellblocks was controlled, access to library and school rooms, and no increase in the acts of violence.

of his claim which would entitle him to relief. Therefore, defendants' Motion to Dismiss is granted. The Clerk of the Court is directed to dismiss plaintiff's Complaint with prejudice. This case is terminated. Each party is to bear their own costs.