**Mark Eric YOUNG**

v.

**BERKS COUNTY PRISON, George A. Wagner, David Bucks, Robert Nichols, Elliot S. Werst, Sgt. James Tyrrell, Lt. Gregg Pomian, Lt. Barry Lease, Lester Riegel, Officer White.**

Civil Action No. 95–6868.

United States District Court, E.D. Pennsylvania.

Sept. 16, 1996.

Mark Young, Frackville, PA, Pro Se.

Donald E. Wieand, Jr., Weaver, Mosebach, Piosa, Hixson & Marles, Allentown, PA, for Defendants.

## MEMORANDUM

JOYNER, District Judge.

Today we address Defendants' Motion for Summary Judgment on Plaintiff's claim that the conditions of his imprisonment amounted to "cruel and unusual punishment" in violation of the United States Constitution. Specifically, Plaintiff Mark Eric Young ("Young") alleges that Defendants violated his Eighth Amendment rights by denying him proper clothing when he was incarcerated at Berks County Prison. Because (1) part of Plaintiff's claim is barred by the statute of limitations, and (2) the alleged deprivation is not sufficiently serious for constitutional purposes, Defendants' Motion is granted. Plaintiff's remaining outstanding motion is denied as moot.

## BACKGROUND

Plaintiff Young was an inmate at Berks County Prison ("BCP") from August 13, 1993 to November 1, 1993, and then again from April 10, 1994 to April 12, 1996, when he was transferred to the State Correctional Institution at Frackville. Young is five feet, eleven inches tall, and when he entered BCP on April 10, 1994, he weighed approximately 300 pounds. By May 21, 1996, his weight had increased to approximately 330 pounds.

Because Young requires quadruple extra-large (4X) pants and shirts, he was consistently unable to procure a suitable standard issue of two sets of clothes. BCP, which simply did not have enough clothes this large in stock, had particular difficulty supplying Plaintiff with pants. Despite Young's repeated requests for new pants,[1] he had just one pair of 4X pants for the better part of the period in question, and occasionally was left only with pants one size too small.

The following examples are illustrative of the problems Young encountered as a result. First, his one pair of 4X pants could become quite dirty and tattered, and did eventually

---

**1.** The parties dispute whether or not Young's requests were made to the proper officials.

tear in such a way as to cause him some embarrassment. Further, BCP permitted Young to do his own wash so that he would always have a set a clean clothes, but, on one occasion, provided him with a cleaning agent (Spic and Span) that caused him to develop a rash requiring medical treatment. Subsequent laundry arrangements often necessitated that Young eat breakfast in his cell and occasionally miss some therapeutic and rehabilitative activities. In addition, these difficulties caused Young to be subjected to ridicule by the inmates.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, reveal no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). Our responsibility is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986). The presence of "a mere scintilla of evidence" in the nonmovant's favor will not avoid summary judgment. *Williams v. Borough of West Chester,* 891 F.2d 458, 460 (3d Cir.1989) (citing *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11). Rather, we will grant summary judgment unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)).

## DISCUSSION

Defendants argue that the statute of limitations bars Plaintiff's claim at least in part. As Defendants correctly note, this action is governed by Pennsylvania's two-year statute of limitations for personal injury actions. *See Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (holding that § 1983 suits are governed by state personal injury statute of limitations). Because Plaintiff filed suit on October 12, 1995, he may not recover for the alleged deprivations that occurred prior to October 12, 1993. Most of the conduct complained of arose after this date, however, so we must proceed to the merits of the instant motion.

While it is well-settled that the treatment a prisoner receives in prison is subject to scrutiny under the Eighth Amendment, *Helling v. McKinney,* 509 U.S. 25, 31–33, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993), the Supreme Court has made quite clear that the Constitution does not mandate comfortable prisons. *Rhodes v. Chapman,* 452 U.S. 337, 345, 101 S.Ct. 2392, 2398, 69 L.Ed.2d 59 (1981). Prison officials violate the Eighth Amendment only when two requirements are met. *Farmer v. Brennan,* 511 U.S. 825, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). First, "the deprivation alleged must be, objectively, 'sufficiently serious,'" *Id.* (quoting *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 2323–24, 115 L.Ed.2d 271 (1991)), that it results in "the denial of 'the minimal civilized measure of life's necessities.'" *Farmer,* 511 U.S. at ——, 114 S.Ct. at 1977 (quoting *Rhodes,* 452 U.S. at 347, 101 S.Ct. at 2399–2400); *see also Kost v. Kozakiewicz,* 1 F.3d 176, 188 (3d Cir.1993). Second, "the prison official[s] must have a 'sufficiently culpable state of mind,'" *Farmer,* 511 U.S. at ——, 114 S.Ct. at 1977 (quoting *Wilson,* 501 U.S. at 297, 111 S.Ct. at 2323), namely, one of "'deliberate indifference' to inmate health or safety." *Farmer,* 511 U.S. at ——, 114 S.Ct. at 1977 (quoting *Wilson,* 501 U.S. at 302–03, 111 S.Ct. at 2326–27). This second requirement flows from the notion that only "the unnecessary and wanton

infliction of pain contrary to contemporary standards of decency" implicates the Eighth Amendment. *Helling,* 509 U.S. at 31–33, 113 S.Ct. at 2480; *see also Wilson,* 501 U.S. at 297, 111 S.Ct. at 2323.

■ With respect to the first, objective requirement, we find that the deprivation suffered by Young in this case is not "sufficiently serious" to be of constitutional dimension. Young was often forced to wear ill-fitting, dirty, or torn clothes and this no doubt caused him substantial inconvenience and discomfort. Yet he was not, for example, deprived of sufficient clothing to keep himself warm in the winter, *see Knop v. Johnson,* 977 F.2d 996, 1012–13 (6th Cir. 1992), *cert. denied,* 507 U.S. 973, 113 S.Ct. 1415, 122 L.Ed.2d 786 (1993), or denied adequate medical treatment, *see Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), or security from assault, *see Riley v. Jeffes,* 777 F.2d 143 (3d Cir.1985). Rather, Young's injury was an indignity incidental to prison life that does not rise to the level of a constitutional violation. *See, e.g., McCorkle v. Walker,* 871 F.Supp. 555 (N.D.N.Y.1995); *Askew v. Fairman,* 880 F.Supp. 557 (N.D.Ill. 1995).

Because Young must satisfy both elements of the two-part test, we need not decide whether a genuine issue of material fact exists as to Defendants' state of mind. Young rightly notes the Third Circuit's observation that "[w]hen state of mind is an essential element of the nonmoving party's claim, resolution of the claim by summary judgment is often inappropriate because a party's state of mind is inherently a question of fact which turns on credibility." *Young v. Quinlan,* 960 F.2d 351, 360 n. 21 (3d Cir.1992). Though the evidence now before us does not suggest that Defendants acted with deliberate indifference, the fact is that they could have intentionally subjected Young to the deprivation at issue in this case and their conduct would still not amount to a constitutional violation.

We therefore find that summary judgment on Plaintiff's claim is warranted. Further, Plaintiff's Motion to Subpoena Witnesses is denied as moot. An appropriate Order follows.

*ORDER*

AND NOW, this 16th day of September, 1996, upon consideration of the Motion for Summary Judgment of Defendants, Berks County Prison, George A. Wagner, David Bucks, Robert Nichols, Elliot S. Werst, Sgt. James Tyrrell, Lt. Gregg Pomian, Lt. Barry Lease, Lester Riegel, and Officer White, and Plaintiff Mark Eric Young's Response Thereto, it is hereby ORDERED that Defendants' Motion is GRANTED. Plaintiff's Motion to Subpoena Witnesses is therefore DENIED as MOOT.