**Lee JEFFERSON, Plaintiff–Appellant,**

v.

**E.A. STEPP, et al., Defendants–Appellees.**

**No. 00–3850.**

United States Court of Appeals, Seventh Circuit.

Submitted July 23, 2001.*

Decided July 24, 2001.

Before Hon. BAUER, Hon. COFFEY, and Hon. WILLIAMS, Circuit Judges.

### ORDER

Federal inmate Lee Jefferson brought this pro se civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), claiming that prison officials at the federal prison camp in Marion, Illinois violated his constitutional

---

\* After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a).

rights by directing him to walk through a gate designed for vehicular traffic, which caused him to trip and fall, suffering significant injuries. The district court dismissed his complaint as frivolous under 28 U.S.C. § 1915A, and Jefferson appeals. We affirm.

Jefferson alleged that in November 1999 a Marion prison guard, defendant Charles Young, was escorting him and a group of other inmates back to the camp. A small gate designed for pedestrian traffic was locked, and so the gate guard, defendant Earl Powell, directed the inmates to walk single-file through a large gate opened to vehicular traffic. While walking through the gate, Jefferson tripped and fell, breaking both of his arms.

Jefferson brought this suit for $2 million damages against the prison warden, Young, Powell, and another guard who was driving a food service truck through the gate at the time. Had the guards opened the pedestrian gate, Jefferson alleged, "this accident would have been avoided." The district court screened Jefferson's complaint under § 1915A and found that the facts in the complaint established at most "an unfortunate accident," which would not constitute an Eighth Amendment violation. In particular, the court determined that Jefferson failed to plead facts showing that any of the defendants possessed a culpable mental state. After the court dismissed his complaint, Jefferson filed a document entitled, "Plaintiff's Rebuttle [sic] to Court's Motion To Dismiss Order," which reiterated the facts in his complaint but did not add any new allegations regarding the guards' mental state. The court construed this document as a motion for reconsideration and denied the motion.

On appeal Jefferson argues essentially that the district court erred in dismissing his case because he pleaded facts sufficient to establish that the guards were "deliber-

ately indifferent" to the risk of harm posed when inmates are led through a gate designed for vehicles. Jefferson Reply Br. at 3. Jefferson further argues that the district court should have allowed him an opportunity to amend his complaint before dismissing it with prejudice. Jefferson Br. at 6.

Under § 1915A(b)(1), a district court is required to dismiss a prisoner's complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." An action or claim is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Jefferson's complaint was properly dismissed. To state an Eighth Amendment claim, an inmate must show that officials either intended to inflict suffering or acted with deliberate indifference, where the official "knows of and disregards an excessive risk to inmate health or safety." *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir.2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Allegations of negligence by prison officials do not state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 104–105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Jefferson has not pleaded any facts to suggest that his injury, while unfortunate, was anything more than an accident.

Throughout his complaint and appellate briefs, Jefferson repeatedly characterizes his injury as an "accident" or "mishap" caused by the guards' "negligence." By alleging facts that clearly show negligence rather than an Eighth Amendment violation, Jefferson has in effect pleaded himself out of court. *See Thomas v. Farley*, 31 F.3d 557, 558–59 (7th Cir.1994) (inmate claiming Eighth Amendment violation who alleged facts establishing only "careless mistake" by prison officials pleaded him-

self out of court). Nor can Jefferson save his complaint now by asserting legal conclusions in his appellate briefs that the guards were "deliberately indifferent" to the "substantial risk" posed by the gate, when he has already made conflicting factual allegations. *See Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir.1998) (when factual allegations conflict with legal conclusion that prison officials were deliberately indifferent, factual allegations are decisive).

Moreover, the district court was not required to give Jefferson an opportunity to amend his complaint because doing so would not have helped him state a meritorious Eighth Amendment claim. *See Smith–Bey v. Hospital Adm'r*, 841 F.2d 751, 758 (7th Cir.1988) (noting that district court should give opportunity to amend if it appears that "the absence of sufficient facts is simply the result of unskilled pro se pleading," but dismissal with prejudice under § 1915 is appropriate where deficiencies in pleading cannot be cured by amendment).

Accordingly, we AFFIRM the decision of the district court. Because Jefferson filed a frivolous complaint followed by a frivolous appeal, he now has two "strikes" against him for purposes of § 1915(g). *See Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir.1997).