COLLOTON, Circuit Judge,
concurring in the judgment in part and dissenting in part.
Thomas Horras alleges that in 2007, he was a shareholder of a corporation named Auxi, Inc. According to his complaint, another shareholder, American Capital Strategies, Ltd. (“ACS”), controlled Auxi through ACS’s seats on the board of directors. Horras asserts that when ACS initiated the sale of Auxi, Inc., to Harden Health Care LLC (“HHC”) in 2007, without notice or accounting to Horras, ACS breached a fiduciary duty that it owed to him and caused him damages. The district court dismissed the complaint, and Horras appeals.[4]
Horras’s theory on the fiduciary duty claim is that ACS owed the duties of a majority shareholder to a minority shareholder in a closely-held corporation, that ACS purported to sell all shares of Auxi to HHC (even though Horras owned shares that were overlooked or deliberately ignored), and that ACS breached a fiduciary duty to Horras by failing to notify him of the sale and by failing to compensate him for a portion of the proceeds that ACS received from HHC in exchange for a purported sale of all Auxi shares.
If Horras could prove this series of events, then it is likely that the Iowa Supreme Court would recognize a breach of fiduciary duty. Iowa law recognizes that “majority shareholders do owe a fiduciary duty to minority shareholders,” Linge v. Ralston Purina Co., 293 N.W.2d 191, 193, 194 (Iowa 1980), and that duty is heightened in the context of close corporations because of the vulnerability of minority shareholders. See Cookies Food Prods., Inc. v. Lakes Warehouse Distrib., Inc., 430 N.W.2d at 451-52; 12B William Meade Fletcher, Cyclopedia of the Law of Corporations § 5811.05 (2012). The Iowa court has not elaborated on the scope of this duty, but there is no reason to expect it would disagree with other jurisdictions that the duty “encompasses the obligation to act in good faith, to enter into transactions that are fair, and to fully disclose material facts.” Knaebel v. Heiner, 663 P.2d 551, 552-53 (Alaska 1983) (citing cases). The Iowa Court of Appeals, consistent with courts in several other jurisdictions, has suggested that the fiduciary duties of those in a close corporation are analogous to duties that partners in a partnership owe to one another, Jochimsen v. Wapsi Hunting Club, Inc., No. 10-1430, 2011 WL 2695272, at *5 (Iowa App.2011), *806 including a duty of “utmost good faith and loyalty.” S.E.C. v. Sargent, 229 F.3d 68, 76 (1st Cir.2000) (applying Massachusetts law); see In re Cumberland Farms, Inc., 284 F.3d 216, 227 (1st Cir.2002) (applying Massachusetts law); G & N Aircraft, Inc. v. Boehm, 743 N.E.2d 227, 241 (Ind.2001); Lawton v. Nyman, 327 F.3d 30, 39 (1st Cir.2003) (applying Rhode Island law); Adams v. Catrambone, 359 F.3d 858, 866 (7th Cir.2004) (applying Illinois law); Harris v. Mardan Bus. Sys., Inc., 421 N.W.2d 350, 353 (Minn.App.1988); see generally 18 C.J.S. Corporations § 379.
A controlling shareholder may not use its controlling position to secure a pecuniary benefit without ensuring that such benefit “is made proportionally available to the other similarly situated shareholders or is derived only from the use of controlling position and is not unfair to other shareholders.” See American Law Institute, Principles of Corporate Governance: Analysis and Recommendations § 5.11 (1994); see generally 1 F. Hodge O’Neal & Robert B. Thompson, Oppression of Minority Shareholders and LLC Members § 4:7 (Thompson/West 2005). There is debate in the law about whether a majority shareholder has a duty to share with the minority a “premium” that the majority receives for selling its own controlling block. O’Neal & Thompson, supra, § 4:7. But there is no authority suggesting that a majority shareholder may retain a premium received for purporting to sell all shares of the company when the majority does not in fact own the entire company. The scenario outlined by Horras, if true, states a claim that ACS breached a fiduciary duty by failing to disclose to a minority shareholder that it was entering into a transaction to sell all shares of Auxi to HHC and by failing to account for proceeds obtained based on the purported sale of all company shares.
The majority does not suggest that the Iowa courts would find no breach of duty in that situation, but affirms the dismissal on the ground that Horras did not adequately plead the scenario that he argues. Ante, at 803 n. 3.[5] In my view, this conclusion overstates the effect of Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To be sure, Twombly, 550 U.S. at 561-63, 127 S.Ct. 1955, overruled Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), and the old “no set of facts” standard under which virtually any complaint survived a motion to dismiss unless the plaintiff affirmatively pleaded himself out of court. E.g., Thomas v. Farley, 31 F.3d 557, 558-59 (7th Cir.1994). Twombly makes clear that a plaintiff must plead “more than labels and conclusions,” and “[fjactual allegations must be enough to raise a right to relief above the speculative level.” 550 U.S. at 555, 127 S.Ct. 1955. Rule 8(a) requires that there must be “enough facts to state a claim to relief that is plausible on its face.” Id. at 570, 127 S.Ct. 1955.
This is an important development, but we must be careful not to embellish it. *807 The Court pointedly reminded us in a summary reversal issued two weeks after Twombly that the federal rules require only notice pleading through “ ‘a short and plain statement of the claim showing that the pleader is entitled to relief.’ ” Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Fed. R.Civ.P. 8(a)(2)). “Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests.” Id. (internal quotation omitted). Iqbal says that Twombly applies to all civil actions, 556 U.S. at 684, 129 S.Ct. 1937, but Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), reaffirmed by Twombly, 550 U.S. at 555-56, 127 S.Ct. 1955, provides that the simplified notice pleading standard of Rule 8(a) likewise applies to all civil actions (with limited exceptions not applicable here), and “relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.” 534 U.S. at 512, 122 S.Ct. 992.
Horras’s complaint alleged that ACS controlled Auxi at the time of its sale in 2007, initiated the sale of Auxi to HHC, and received payment for its shares, but failed to notify Horras of corporate activity affecting his shares or to pay Horras for his shares. The majority’s footnote three deems this pleading insufficient notice of the claim outlined above, because it did not specifically allege that Auxi was closely held (only that it was “a Delaware corporation”) and did not specifically assert that ACS purported to sell “all” shares of Auxi. The complaint was insufficient on this view, because Horras’s Count I on breach of fiduciary duty said only that ACS initiated “corporate activity [a]ffeeting his shares,” even though Count II on breach of contract alleged that ACS “represented all shares of Auxi would be sold to HHC.” So the defendant supposedly was not on fair notice that Count I alleged a purported sale of all shares or that Auxi was closely held.
These criticisms of the complaint bring to mind the technical requirements of the code pleading regime that was superseded by the federal rules and the simplified notice pleading approach. See Charles E. Clark, The Influence of Federal Procedural Reform, 13 Law & Contemp. Probs. 144, 154-55 (1948); Charles E. Clark, Simplified Pleading, 2 F.R.D. 456, 458-60 (1943). Since 1948, after all, it has been sufficient to allege a negligence claim in one sentence: “On date, at place, the defendant negligently drove a motor vehicle against the plaintiff.” Fed.R.Civ.P. 84 & App., Form 11. Would the majority say that this “singular allegation” fails to state a claim because it does not specify that the defendant ran through a red light? Under the simplified pleading standard of Rule 8(a), I think the complaint here was sufficient to give ACS fair notice of the fiduciary duty claim that Horras has amplified in his briefing.
The availability of information in this case is asymmetrical. ACS presumably knows what happened in the sale of Auxi shares to HHC; Horras evidently does not know much. The litigation likely would entail simple, relatively inexpensive discovery about the Auxi corporation and the transaction with HHC, after which a motion for summary judgment may well be in order if there is insufficient evidence to support Horras’s theory. But at this early stage of the proceeding, I would reverse the judgment dismissing the fiduciary duty claim and remand for further proceedings.

. Horras also alleged a breach of contract, and I would affirm the dismissal of that claim. Horras did not plead that the contract between ACS and HHC manifests an intent to benefit Horras, see Midwest Dredging Co. v. McAninch Corp., 424 N.W.2d 216, 224 (Iowa 1988); to the contrary, his theory is that ACS intended to squeeze him out and deprive him of any benefit. The district court then did not abuse its discretion by denying leave to amend based on undue delay.

. The majority, ante, at 803 n. 3, also says that Horras argues "[f]or the first time on appeal” that ACS's fiduciary duty was analogous to that of a partner in a partnership, and that "ordinarily” the court does not consider an argument raised for the first time on appeal. As noted, a partner owes his partners a duty of "utmost good faith and loyalty.” Hor-ras argued in the district court that ACS, as a controlling shareholder, owed a duty of “complete loyalty, honesty, and good faith.” R. Doc. 9-1, at 4. That Horras cited additional authority, Jochimsen, to bolster the argument he made in the district court is not a ground for refusing to consider the argument. In any event, the majority ultimately does not rely on a waiver by Horras, but proceeds to the merits.