COLLOTON, Circuit Judge,
concurring in part and dissenting in part.
I would affirm the district court’s dismissal of the plaintiffs’ breach-of-contract claim against New York Life Insurance Company on the ground that the plaintiffs, Natverlal and Jaswanti Patel, have pleaded themselves out of court. E.g., Thomas v. Farley, 31 F.3d 557, 558-59 (7th Cir.1994). The plaintiffs allege that New York Life breached by refusing to waive premiums during Jaswanti Patel’s period of disability after the car accident. But by including exhibits showing that New York Life rescinded the policies based on Jas-wanti Patel’s failure in the policy application to disclose material information concerning her medical history, the Patels have shown that the insurer had a basis under the contract for refusing to waive the premiums. The amended complaint does not dispute that Jaswanti failed to disclose the information identified by New York Life, does not allege (in a “cursory fashion” or otherwise) that Jaswanti’s failure to disclose prior arthritis treatment was immaterial, and does not allege that New York Life wrongfully rescinded the contract. As the district court observed, “[t]he Patels allege no facts in their Amended Complaint as to how New York Life’s response to their demands was a breach of contract,” and failed “to provide any further explanation to the Court as to how their claim for breach of contract may be able to survive despite their failure to allege such facts.” R. Doc. 25, at 4 (emphasis added). I would therefore affirm the judgment in its entirety.