**Larry G. POTTER, Plaintiff-Appellant,**

v.

**John W. CLARK, Sheriff of the County of Vermilion, State of Illinois, Defendant-Appellee.**

No. 73–2135.

United States Court of Appeals, Seventh Circuit.

May 16, 1974.

Larry G. Potter, pro se.

Richard J. Doyle, State's Atty., John R. McClory, First Asst. State's Atty., Danville, Ill., for defendant-appellee.

Before SWYGERT, Chief Judge, and CUMMINGS and SPRECHER, Circuit Judges.

PER CURIAM.

Plaintiff Larry G. Potter filed a complaint against John W. Clark, Sheriff of Vermilion County, Illinois for money damages, invoking jurisdiction under 42 U.S.C. § 1983. The complaint is predicated upon the alleged deprivation of rights resulting from the following: excessive bail pending trial; cruel and unusual punishment while in custody in lieu of bail; denial of procedural due process prior to being placed in isolation. The district court granted defendant's motion to dismiss for failure to state a claim upon which relief could be granted. Plaintiff has appealed and we affirm after having considered the record, briefs and cases cited therein pursuant to F.R.App.P. 2.

The basic issue raised by plaintiff for our consideration is whether the trial court erred in dismissing his complaint for failure to state an actionable claim under 42 U.S.C. § 1983.

■■ Our review of the record convinces us that the district court correctly dismissed the complaint.

Conspicuous by its absence from the complaint is any allegation of any act on the part of defendant toward the plaintiff. The only place where defendant was named was in the caption of the complaint. Moreover, no other person was named in the complaint. Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints. Brzozowski v. Randall, 281 F.Supp. 306, 312 (E.D.Pa.1968).

Assuming, *arguendo*, that plaintiff's allegations were properly addressed to defendant by virtue of his actions, we nevertheless find that the complaint was properly dismissed for failure to raise issues cognizable under 42 U.S.C. § 1983.

▮ Plaintiff's allegation regarding excessive bail was properly dismissed. Plaintiff cannot be heard to bring an action against defendant for excessive bail since defendant was not the one who had responsibility to set the bail. The bail was set by a state court judge and defendant, as County Sheriff, was merely following an order of the court.

▮▮ Defendant's allegations are insufficient to establish that he was subject to cruel and unusual punishment. Custody in lieu of bond while awaiting trial is not to be construed as punishment and one cannot be thus subject to cruel and unusual punishment. Johnson v. Glick, 481 F.2d 1028 (2d Cir. 1973). Here plaintiff was placed in isolation on four occasions totaling eight days as a result of his conduct in damaging prison security cameras. Moreover, plaintiff's placement in isolation was of an administrative nature to preserve the security in jail and did not involve punishment.

▮ Plaintiff's complaint also failed to allege a deprivation of procedural due process in being removed from the general prison population without the following: a written copy of charges against him; a reported hearing before an impartial official; legal representation; and a written decision of a hearing officer prior to imposition of isolation. Here the confinement in isolation was not only brief, but did not carry with it the stigma of lost good time. Accordingly, we find that plaintiff was not entitled to the procedures requested. The action of placing plaintiff in isolation on four occasions totaling eight days was to suppress threats to prison security. Plaintiff, himself, recognizes that he was placed in segregated confinement for the purpose of maintaining security in the prison as a result of his damage to security cameras.

▮ Finally, there is no merit in plaintiff's allegation that his mental condition was neglected. This allegation was correctly dismissed since plaintiff admits that he saw two different psychiatrists and a physician during the eight days of his confinement in isolation.

For the reasons stated above, the judgment of the district court is affirmed.