978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
CORNELIUS ADAMS, Plaintiff-Appellant,
v.
RICHARD RAEMISCH and JEROME LACKE, Defendants-Appellees.
 No. 90-3692.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1992.*
Decided Nov. 2, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 Order
 
 1
 Cornelius Adams was held at the Dane County Jail on three occasions. He filed this suit under 42 U.S.C. § 1983 against Jerome Lacke (sheriff during the first two stays), Richard Raemisch (sheriff during the third stay), and the jail itself. You can't sue a building (this is not a forfeiture action), the district judge declined to permit Adams to proceed in forma pauperis against Lacke, and the court later granted summary judgment in favor of Raemisch.
 
 
 2
 The court declined to authorize the service of process on Lacke (without prepayment of costs) because the complaint does not allege that Lacke played any personal role on the events of which Adams complains. There is no derivative liability under § 1983. Pacelli v. deVito, 972 F.2d 871 (7th Cir.1992). Indeed, after including Lacke in the caption, the complaint does not mention him again. This is inadequate no matter how generously we construe the complaint in favor of pro se plaintiffs. Potter v. Clark, 497 F.2d 1206 (7th Cir.1974).
 
 
 3
 As for Raemisch, the only assertedly unconstitutional event that took place during his stewardship and within his knowledge is that the jail had flies. Adams wrote: "It's not a whole lot of them but enough to annoy you." Annoyances are endemic in prison and do not violate the Constitution. Harris v. Fleming, 839 F.2d 1232 (7th Cir.1988). It is hard to keep flies out of a prison unless you seal all openings; the insects have a nasty habit of buzzing toward food. The best a sheriff can do about flies, roaches, and other vermin is fumigate the jail from time to time. This Raemisch did; a pest exterminator visited the jail monthly, and was on call in the event of population explosions between regular treatments. The sheriff's policy does not condone barbaric conditions; dairy farmers have it much worse.
 
 
 4
 Remaining accusations leveled against Raemisch fail because no evidence in the record shows that Raemisch knew about the circumstances of which Adams complains, let alone that Raemisch acted with the mental state necessary to violate the eighth amendment. For example, Adams's contention that inmates roughed him up may show criminal behavior by the other prisoners but does not implicate Raemisch. Indeed, Adams does not contend that he ever told any guard that he was concerned about aggression or asked for aid. See McGill v. Duckworth, 944 F.2d 344 (7th Cir.1991).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed such a statement. After considering that statement and the record, the court concluded that oral argument would not be helpful