# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2643

_____

Chris R. Krych,       *
      *
      Appellant,       *
      *
      v.       *    Appeal from the United States
      *    District Court for the
Sheryl Ramstad Hvass; Leslie M.       *    District of Minnesota.
Metzen, Sued as Leslie Metzen, Judge;       *
Lou Stender, Warden; Diana Lind;       *       [UNPUBLISHED]
Mark Uner; Nedra Fitzloff-Meyer, etc.,       *
      *
      Appellees.       *

_____

Submitted: December 1, 2003

Filed: December 12, 2003
_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.
_____

PER CURIAM.

Chris R. Krych appeals from the District Court's 28 U.S.C. § 1915A(b)(1) (2000) dismissal of his civil rights complaint. We affirm in part and reverse in part.

Krych, a Minnesota inmate, filed his 42 U.S.C. § 1983 action against Minnesota Department of Corrections (MDOC) Commissioner Sheryl Ramstad Hvass; Minnesota State Judge Leslie Metzen; Warden of the Minnesota Correctional

Facility (MCF) at Fairbault, Lou Stender; MDOC employees Diana Lind and Mark Uner, who work at MCF at Moose Lake; and MDOC hearing officer Nedra Fitzloff-Meyer. He sought damages and injunctive relief, alleging that Judge Metzen conspired with Hvass to destroy Krych's "legal work" and "retaliate" against him for sending Minnesota state officials a newsletter complaining about his wrongful state-court conviction; that Hvass violated his due process rights when she had Lind and Uner "steal [his] legal papers and make false disciplinary reports" without having a legitimate security concern; that Hvass "threatened [his] life" and assigned him to administrative segregation (ad seg) "to deter [his] writing" and "for exposing/seeking help on [his] false imprisonment"; and that his requests for "meds (cream)" were ignored, his mail "is repeatedly being stolen," and he is "constantly being oppressed [and] abused." In his written objections to the magistrate judge's report, Krych further stated that defendants were sued "in and out of their official capacity"; that he is still without medical attention for pain in his testicles; and that unidentified individuals continue to steal, delay, and otherwise interfere with his mail.

We review de novo the District Court's preservice dismissal for failure to state a claim, and will affirm only if it appears beyond doubt that Krych can prove "no set of facts" entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45–46 (1957); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam).

We agree with the District Court that Krych cannot recover damages against defendants in their official capacity, see Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997), and we also agree that Krych failed to state an injunctive-relief claim because he did not attribute the alleged ongoing misconduct to any specific defendant, see Nix v. Norman, 879 F.2d 429, 432–33 (8th Cir. 1989). Further, we agree with the District Court that Krych failed to state any claim whatsoever against Stender and Fitzloff-Meyer because he merely listed these individuals as defendants in his complaint and did not allege they were personally involved in the constitutional violations. See Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam)

-2-

(court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption).

We disagree, however, with the District Court's conclusion that Krych pleaded only official-capacity claims because Krych indicated in his objections to the magistrate judge's report that defendants were also sued in their individual capacities. In this light, we find that Krych stated individual-capacity claims against Judge Metzen, Hvass, Lind, and Uner for violation of his First Amendment rights and against Hvass for retaliation. See Turner v. Safley, 482 U.S. 78, 89, 91 (1987) (inmate's First Amendment right to receive mail may be limited by legitimate penological objectives); Leonard v. Nix, 55 F.3d 370, 374 (8th Cir. 1995) (outgoing personal mail does not generally pose serious threat to prison order or security and should not be restricted unless it involves escape plans, plans relating to ongoing criminal activity, or threats of blackmail or extortion); Goff v. Burton, 7 F.3d 734, 736 (8th Cir. 1993) (officials may not retaliate against inmate for exercising constitutional right), cert. denied, 512 U.S. 1209 (1994). Accordingly, we reverse as to these claims and defendants.

Finally, we conclude that Krych did not state either a denial-of-access claim, or a claim based on his failure to receive medical treatment. See Klinger v. Dep't of Corr., 107 F.3d 609, 617 (8th Cir. 1997) (denial-of-access claim requires showing of actual injury or prejudice); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (section 1983 liability requires personal involvement, or allegation that supervisor had knowledge of unconstitutional conduct and turned blind eye to it).

Accordingly, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

_____