NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4339
_____

CYNTHIA YODER; RANCE M. STRUNK, SR.;DARLENE STRUNK,
Appellants

v.

WELLS FARGO BANK, N.A.; AGENTS PHELAN HALLINAN & SCHMIEG, LLP;
JENINE REBECCA DAVEY; STEVENS & LEE LAWYERS AND CONSULTANTS;
STACEY A. SCRIVANI; CRAIG A. HIRNEISEN; TITANIUM SOLUTIONS, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-13-cv-01377)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 2, 2014

Before:  FISHER, VANASKIE and ALDISERT, Circuit Judges

(Opinion filed:  May 9, 2014)
_____

OPINION
_____

PER CURIAM

Rance and Darlene Strunk and Cynthia Yoder, their daughter to whom they have

granted a power of attorney, filed suit in the Court of Common Pleas of Chester County,

Pennsylvania, alleging that the Strunks refinanced their mortgage in 2005 and entered,

with Yoder's help, into a trial loan modification in 2009. They claimed that Wells Fargo Bank, N.A., breached the trial loan modification and Yoder's power of attorney. In the complaint, they questioned whether Wells Fargo Bank, N.A., is actually a lender and further asked if they have been victims of a crime, citing the Pennsylvania Crime Victims Act, 18 P.S. § 11.101, and 18 U.S.C. § 3771 (Crime Victims' Rights).

In the first section of the complaint, entitled "Negligence," they listed numerous state statutes and claimed violations of civil and criminal laws in the mortgage foreclosure proceedings (No. 11-11974) instituted against the Strunks in the Chester County Court of Common Pleas.[1] Among other things, they claimed defamation, harassment, abuse of a tribunal, unsworn falsification to authorities, theft, and invasion of privacy. They also mentioned a "violation of Sec. 1983." Under the short second section, they seemingly objected to Wells Fargo Bank, N.A.'s electronic filing of a notice of removal. In the third section, over several pages, they contended that Susquehanna Bank, which was not named as a defendant, violated a mortgage licensing act, and that neither Susquehanna Bank nor Wells Fargo Bank, N.A., was on a list of businesses that could originate loans in Pennsylvania in 2005.

The defendants removed the case to the District Court,[2] noting that the plaintiffs alleged that the defendants violated Section 1983, which the defendants presumed to be

---

[1] By the time the District Court decided their case, the foreclosure proceedings had been decided in favor of Wells Fargo Bank, N.A..

[2] Although Titanium Solutions was listed as a defendant in the caption of the complaint

42 U.S.C. § 1983, and the federal Crime Victims' Rights statute. Wells Fargo Bank, N.A., Stevens and Lee Lawyers and Consultants, Stacey Scrivani, Esq., and Craig Hirneisen, Esq. (collectively, the "Wells Fargo defendants") filed a motion to dismiss the complaint. They argued that the complaint included no factual allegations, but merely unintelligible allegations and partial legal citations that did not satisfy the pleading standard. They further contended that the doctrines of res judicata and collateral estoppel barred the claims against Wells Fargo Bank, N.A., citing Yoder v. Wells Fargo Home Mortgage, E.D. Pa. 11-cv-07503, and Stevens and Lee and Scrivani, citing a case in Berks County Magisterial District Court, MDJ-23-1-01. They also maintained that Yoder did not have standing to challenge the mortgage agreement and that her efforts to represent her parents (in the earlier District Court case, as well) constituted the unauthorized practice of law. Lastly, the Wells Fargo defendants argued that the tort claims filed against them were barred pursuant to the privilege afforded participants in a judicial proceeding.

Defendants Phelan Hallinan & Schmieg, LLP, and Jenine R. Davey (the "PHS defendants") also filed a motion to dismiss the complaint. After describing the procedural history of the earlier District Court action, they argued that the plaintiffs' renewed efforts consisted of entirely conclusory allegations. They maintained that the plaintiffs failed to assert sufficient material facts to support any claim for relief. The PHS

and was served with the removal notice, it has not participated in this matter.

3

defendants also asked the District Court to deny leave to amend because the filing was a third retaliatory filing and an example of unauthorized practice of law by Yoder.

The District Court granted the motions and dismissed the complaint.[3] The District Court concluded that even under the most liberal review of the complaint, no plausible claim for relief could be identified. The District Court further ruled that leave to amend would be futile because the complaint in this action was the plaintiffs' third attempt to present their claims (given the earlier District Court action) and their claims remained incoherent and unintelligible. The District Court also noted that Yoder continued to defy warnings not to engage in the unauthorized practice of law. Furthermore, the District Court concluded that the claims against most of the Wells Fargo defendants were barred by res judicata.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[4] We exercise plenary review over the decision granting the motions to dismiss.[5] McGovern v. City of Phila., 554 F.3d

---

[3] Also, the District Court ruled on the plaintiffs' then-pending motions, denying a motion for reconsideration of the order denying appointment of counsel and in forma pauperis status, a motion for a stay of the state foreclosure action, a motion for determination of the motion for reconsideration, and a motion for determination of the motion to stay the state foreclosure action.

[4] As we noted, one defendant, who may or may not have been served in the state court, has not participated in the action. In granting the other defendants' motions to dismiss with prejudice, the District Court dismissed the entire complaint and closed the case. Accordingly, nothing remains to be adjudicated in the District Court. Although the Strunks and Yoder object to the dismissal generally, they do not take issue with the ruling as to Titanium Solutions. Accordingly, any arguments on this issue have been waived. See Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002).

4

114, 115 (3d Cir. 2009).  We review the denial of leave to amend for abuse of discretion.  See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004).  Upon review, we will affirm the District Court's ruling.

The District Court properly dismissed the complaint.  The Strunks and Yoder did not set forth a set of facts that state a claim that is plausible on its face.  A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (internal quotation and citation omitted).  Instead, a complaint

> must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)) (citations and quotation marks omitted).  Complaints filed pro se are construed liberally, but even "a pro se complaint must state a plausible claim for relief."  Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013).

The complaint that the Strunks and Yoder submitted (or that Yoder submitted on

---

[5] We do not review the decisions on the other motions because the Strunks and Yoder do not raise a challenge to them.  See Emerson, 296 F.3d at 190 n.5. We also do not consider issues that were not raised below.  DIRECTV Inc. v. Seijas, 508 F.3d 123, 125 n.1 (3d Cir. 2007) ("It is well established that arguments not raised before the District Court are waived on appeal.")

behalf of herself and the Strunks[6]) is largely a list of statutes, including several Pennsylvania criminal statutes, and legal conclusions. In the section entitled "Negligence," the Strunks and Yoder do include a few factual allegations (like the allegation that the defendants failed to include the original note in the state foreclosure action), but it is unclear what cause of action this allegation underpins. Other claims are conclusory (like a claim that a "false" complaint was filed in the state foreclosure action; that claim is listed in support of a claim of a violation of a statute that imposes a criminal penalty instead of affording a private right of action). If they attempted to plead a claim under 42 U.S.C. § 1983 (which the Strunks and Yoder seem to maintain), their stating "violation of Sec. 1983" did not state a claim. There is no explanation of how the elements of this cause of action could be met, and it is not apparent how they could be satisfied. A list of criminal statutes, none of which provides a private cause of action, does not make a well-pleaded complaint. Also, their questions (were they victims of a crime? were they harassed?) do not set forth sufficient factual content to allow a reasonable inference that the defendants are legally liable for some sort of actionable misconduct.

---

[6] We will treat the complaint, the notice of appeal, and the briefs on appeal as jointly filed because they are signed by all three parties. We note nonetheless that it is of concern that Yoder seems at time to argue that she can represent her parents in federal court because they gave her a power of attorney. Whatever she is authorized to do by the granted power of attorney, she is not authorized to represent them in federal court. Cf. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991); Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1966) (per curiam).

6

The Strunks and Yoder include slightly more facts in the second and third sections of their complaint. However, in the second section, the disagreement that they have with the electronic filing of a notice of removal does not state a cause of action. Also, the facts that they include in the third section relate to Susquehanna Patriot Bank, which was not a defendant in this case. Furthermore, they use the facts in an effort to allege a violation of Pennsylvania's Mortgage Licensing Act. However, violations of that Act are not pursued civilly by individuals; they are subject to criminal penalties and fines from the Pennsylvania Department of Banking. See 7 P.S. § 6116.

In short, we, like the District Court, cannot identify a plausible claim for relief in the complaint. Accordingly, we conclude that the District Court's decision to dismiss the complaint was proper.

Also, under the circumstances, we hold that the District Court did not abuse its discretion in denying leave to amend. Leave to amend should "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court may exercise its discretion and deny leave to amend on the basis of undue delay, bad faith, dilatory motive, prejudice, or futility. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). Given that the Strunks and Yoder already filed a complaint and amended complaint in a similar style on some of the same and related matters in Yoder v. Wells Fargo Home Mortgage, E.D. Pa. 11-cv-07503, their complaint in this action was akin to a third amended complaint, as the District Court concluded. Furthermore, the ruling against them in the state foreclosure action serves as

7

a limit on their challenges to that foreclosure action in federal court, and the rulings in their previous actions also limit their claims against the defendants. For these reasons, the District Court did not abuse its discretion in concluding that amendment would be futile.

We will affirm the District Court's judgment.