ALD-211                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4578
_____

RANCE M. STRUNK, SR.; DARLENE STRUNK,
Appellants

v.

WELLS FARGO BANK, N.A.,
a/k/a WELLS FARGO HOME MORTGAGE AND AGENTS;
STEVENS AND LEE LAWYERS AND CONSULTANTS; STACEY SCRIVANI,
ESQ. CRAIG A. HIRNEISEN, ESQ.; PHELAN HALLINAN & SCHMIEG, LLP;
JENINE REBECCA DAVEY, ESQ.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-14-cv-05325)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 21, 2015
Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: June 11, 2015)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Rance M. Strunk, Sr. and Darlene Strunk appeal from the District Court's

dismissal of their action arising from the foreclosure of their home in 2011. For the

following reasons, we will summarily affirm.

I.

The Strunks initially filed suit in the Court of Common Pleas of Chester County,

alleging that, after they refinanced their home in 2005 and entered into a trial loan

modification in 2009, Wells Fargo Bank, N.A. breached the mortgage agreement and

illegally foreclosed on the property. This action is the latest in a series of civil claims that

the Strunks have filed since the foreclosure in 2011.[1] The complaint alleged 35

violations of state and federal laws, both civil and criminal.

The defendants removed the case to the District Court, see Notice of Removal at 2,

Strunk v. Wells Fargo Bank, N.A., 2014 WL 5527827, (E.D. Pa. Nov. 3, 2014), ECF

No. 1, noting that the Strunks claimed violations of 42 U.S.C. § 1983, the Truth in

Lending Act, the Real Estate Settlement Procedures Act, and 18 U.S.C. § 3771. Wells

---

[1] The Strunks' daughter, Cynthia Yoder, has power of attorney for her parents and has participated in the previous actions, although she is not a party to this case. See Yoder v. Wells Fargo Home Mortgage, No. 11-07503, 2012 WL 6562837 (E.D. Pa. Dec. 17, 2012) (nonprecedential) (dismissing complaint without prejudice and first amended complaint with prejudice) [hereinafter the 2011 action]; Yoder v. Wells Fargo Bank, N.A., No. 13-1377, 2013 WL 5574421 (E.D. Pa. Oct. 9, 2013) (nonprecedential) (dismissing with prejudice) [hereinafter the 2013 action], aff'd, 566 F. App'x 138 (3d Cir. 2014). Yoder and the Strunks have also filed an unsuccessful action arising from the same foreclosure in the Magisterial District Court in Berks County (No. MDJ-23-1-0 1) in 2012. The

Fargo, Stevens and Lee Lawyers and Consultants, Stacey Scrivani, Esq., and Craig Hirneisen, Esq. (the "Wells Fargo defendants") moved to dismiss the complaint, as did Defendants Phelan Hallinan & Schmieg, LLP, and Jenine R. Davey (the "PHS defendants"). The Wells Fargo defendants and the PHS defendants argued that the Strunks' claims were insufficient under Fed. R. Civ. P. 8 and were barred by claim preclusion.[2] The District Court agreed and granted the motions to dismiss. The Strunks appealed and filed a motion for counsel.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the decision granting the motions to dismiss, McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009), including its decision to apply claim preclusion. Farina v. Nokia Inc., 625 F.3d 97, 110 (3d Cir. 2010). We review the District Court's denial of leave to amend for abuse of discretion. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

We agree with the District Court that claim preclusion bars the Strunks' claims. The doctrine of claim preclusion bars a suit where three circumstances are present: "(1) a

Strunks filed for bankruptcy in 2013, see In re: Rance M. Strunk, Sr., No. 13-19001, but that action was dismissed in July 2014 for failure to make plan payments.

final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991); see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979). The principle of claim preclusion bars not only claims that were brought, but also those that could have been brought, in a previous action. In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).

Here, the first element of claim preclusion is satisfied because there was a final judgment on the merits in a prior suit. The District Court dismissed the 2013 action for failure to state a claim under Rule 12(b)(6), and we affirmed. Yoder v. Wells Fargo Bank, N.A., 566 F. App'x 138 (3d Cir. 2014); see also Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) (dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a judgment on the merits for res judicata purposes); Fed. R. Civ. P. 41(b). The second element is satisfied because all of the named defendants in this action were also named in the 2013 action. The third element is satisfied because the 2013 action was grounded in the same cause of action, the foreclosure of the Strunk's home.[3]

---

[2] The defendants' motion for dismissal and the District Court opinion refer to the doctrine of res judicata as a reason for dismissal. We use the term "claim preclusion." See In re Cont'l Airlines, Inc., 279 F.3d 226, 232 (3d Cir. 2002).
[3] There is no single definition of "cause of action" for claim preclusion purposes. In United States v. Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984), we articulated a multi-factor test to determine whether two causes of action are identical for res judicata purposes: "(1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents at trial are the same (that is, whether the same evidence necessary to maintain the second

To the extent that some of the Strunk's specific claims may appear to diverge slightly from those in the 2013 action, we emphasize that the plaintiff is required to "present in one suit all claims for relief that he may have arising out of the same transaction or occurrence." Lubrizol Corp., 929 F.2d at 963. Any claims arising from the foreclosure that the Strunks should have raised in the 2013 action, but did not, are thus barred under the doctrine of claim preclusion. See Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 157 n.5 (3d Cir. 2001).

Given that the Strunks have filed essentially the same complaint in each of their three separate actions in the District Court, and that the complaint in this case still failed to state a viable claim, we conclude that the District Court did not abuse its discretion in denying leave to amend on the ground that it would have been futile, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Their motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).[4]

---

action would have been sufficient to support the first); and (4) whether the material facts alleged are the same."

[4] We note our agreement with the District Court's alternate conclusion that the complaint failed to state a viable claim. See Ashroft v. Iqbal, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8(a)(2). Here, the individual Wells Fargo defendants and the PHS defendants were named only in the case caption. The District Court therefore correctly dismissed the Strunks' claims against those defendants. See Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974).

The Strunks' allegations failed to state a plausible claim against Wells Fargo. While we are aware that we are to construe pro se complaints liberally, even "a pro se complaint must state a plausible claim for relief." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013). Here, of the 35 claims listed, only a few asserted any supporting facts. The Strunks alleged that Wells Fargo deliberately filed false claims and statements under 18 Pa. Cons. Stat. Ann. § 4904, a criminal statute that does not give rise to a private right

IV.

For the reasons given, we will summarily affirm the decision of the District Court.

---

of action. Similarly, they claimed that that Wells Fargo was not licensed under Pennsylvania's Mortgage Licensing Act, but such violations are not pursued civilly by individuals; they are subject to criminal penalties and fines from the Pennsylvania Department of Banking. See 7 Pa. Cons. Stat. Ann. § 6116. Their allegations of fraud based on 31 Pa. Code §§ 119.1-119.26 are unclear, as those provisions concern insurance fraud. The complaint also alleged that Wells Fargo violated Pa. R. Civ. P. 410(b)(1) because it failed to "file the original note," but Rule 410 concerns service of process in real estate actions on non-owners who are found in possession of property. The remainder of the Strunks' claims consist only of the names or numbers of various statutes, along with, in some cases, legal conclusions. A list of criminal statutes, none of which provides a private cause of action, does not make a well-pleaded complaint. The Strunks' allegations that the defendants violated "Section 1983" and other federal statutes were made without explanation or factual support. In short, we, like the District Court, cannot identify a plausible claim for relief in the complaint.

6