**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1812
_____

RANCE M. STRUNK, SR.;
DARLENE M. STRUNK,
                                        Appellants

v.

WELLS FARGO BANK, N.A.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:16-cv-00922)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 22, 2016

Before: VANASKIE, SCIRICA and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 17, 2016)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Rance M. Strunk, Sr., and Darlene M. Strunk appeal pro se from the District Court's March 8, 2016 order, which construed their filing titled "Pro Se Petitioner's [sic] Notice of Appeal" ("Notice of Appeal") as a civil complaint and dismissed that complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, we will affirm that order.

I.

In 2011, Wells Fargo Bank, N.A., commenced a mortgage foreclosure action against the Strunks in the Court of Common Pleas for Chester County, Pennsylvania ("the CCP"). In 2013, the CCP granted summary judgment in favor of Wells Fargo. It does not appear that the Strunks filed an appeal in state court.

In each of the years 2011, 2013, and 2014, the Strunks filed a civil action against Wells Fargo in the CCP. Wells Fargo removed each of those three actions, which alleged various claims relating to the Strunks' mortgage, to federal court. The District Court dismissed the 2011 case for failure to satisfy Federal Rule of Civil Procedure 8(a)(2)'s requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The District Court dismissed the 2013 case for failure to satisfy Rule 8(a)(2), and because the Strunks' claims against Wells Fargo were barred by the doctrine of res judicata.[1] The District Court dismissed the 2014 case for the same

---

[1] Res judicata, also known as claim preclusion, applies when there is "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Duhaney v. Att'y Gen., 621 F.3d 340, 347 (3d Cir. 2010) (quoting In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008)).

reasons that doomed the 2013 case. The Strunks filed appeals in the 2013 and 2014 cases; in both of those cases, we affirmed the District Court's judgment. See Yoder v. Wells Fargo Bank, N.A., 566 F. App'x 138, 142 (3d Cir. 2014) (per curiam); Strunk v. Wells Fargo Bank, N.A., 614 F. App'x 586, 589 (3d Cir. 2015) (per curiam).[2]

Undeterred, in February 2016, the Strunks filed in the District Court the aforementioned "Notice of Appeal." This filing, which concerned the Strunks' mortgage and its foreclosure, listed Wells Fargo as the "respondent" and referred to the case number for the CCP foreclosure action. On March 8, 2016, the District Court entered an order addressing this filing. In that order, the District Court construed the filing as a new complaint, screened it pursuant to 28 U.S.C. § 1915(e)(2), and dismissed it on res judicata grounds in light of the Strunks' prior cases. The Strunks then timely filed the appeal that is now before us.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's March 8, 2016 dismissal order is plenary, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and we may affirm that order on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

---

This doctrine "bars not only claims that were brought in a previous action, but also claims that could have been brought." Id. (quoting Mullarkey, 536 F.3d at 225).

[2] Cynthia Yoder, who is the Strunks' daughter and holds power of attorney for them, has participated in some of the Strunks' cases.

3

The Strunks' "Notice of Appeal" is far from a model of clarity, and the difficult-to-follow brief that they have filed in our Court unfortunately does not remedy this problem. Nevertheless, we construe their "Notice of Appeal" liberally, see Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), and we have done our best to decipher its contents. To the extent that the Strunks intended their "Notice of Appeal" to serve as a new civil action, we agree with the District Court that such an action is barred by the doctrine of res judicata.[3] To the extent that the Strunks intended their "Notice of Appeal" to serve as an "appeal" from the CCP's judgment in the foreclosure action, that "appeal" is barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (explaining that the Rooker-Feldman doctrine bars a federal district court from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Lastly, to the extent that the "Notice of Appeal" could liberally be construed as asking the District Court for relief from the judgments issued in their prior federal cases, see Fed. R. Civ. P. 60, we see no basis for that relief.

In light of the above, we will affirm the District Court's March 8, 2016 dismissal order. The Strunks' "Motion for Immediate Financial Relief," as well as their request for

---

[3] Although res judicata is an affirmative defense, the District Court did not err in basing its sua sponte dismissal on that ground. See Arizona v. California, 530 U.S. 392, 412 (2000).

4

a default judgment against Wells Fargo, are denied.  To the extent that the Strunks' letters filed on June 24, 2016, and September 30, 2016, respectively, seek any relief from us, that relief is also denied.  Finally, to the extent that the Strunks seek appointment of counsel, the prospective recusal of the District Judge who presided in this case, and any other relief, those requests are denied.