**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3885
_____

CYNTHIA M. YODER,
                                        Appellant

v.

WELLS FARGO BANK, N.A.; ISMAE HERNANDEZ, V.P. LOAN DOCUMENTS;
STEVENS & LEE, A STEVENS & LEE/GRIFFIN COMPANY; STEVENS & LEE
LAWYERS AND CONSULTANTS; MS. STACEY SCRIVANI, ESQ.; MR. CRAIG A.
HIRNEISEN, ESQ.; PHELAN HALLINAN & SCHMIEG, L.L.P.; JUSTIN M. SCHIFF,
CURRENT ATTORNEY, DOCKET 11-11974; JENINE REBECCA DAVEY, UNITED
STATES BANKRUPTCY COURT PHILADELPHIA, PA; MS. JENNIFER
GORCHOW, BANKRUPTCY ATTORNEYS; MS. COURTENAY R. DUNN; MR.
JOSEPH SCHALK; WILENTZ GOLDMAN & SPITZER; MR. DANIEL BERNHEIM,
ESQ., ATTORNEYS FOR PHELAN HALLINAN & SCHMIEG, L.L.P.; COUNTY
SHERIFF DEPARTMENT; CAROLYN B. WELSH; MERSCORP HOLDINGS, INC.;
MERSCORP, INC.; MORTGAGE ELECTRONI CHESTER REGISTRATION
SYSTEM, INC.; SHARON MCGANN HORSTKAMP; CHESTER COUNTY
RECORDER OF DEEDS; MR. RICK LOUGHERY; MR. LAWRENCE STENGEL;
BB&T CORPORATION, MERGER QUESTIONS (888-822-6634) FORMERLY
SUSQUEHANNA PATRIOT BANK; MR. EDWARD GRIFFITH; DAWSON R.
MUTH, ESQ. (SOLICITOR FOR SHERIFF OFFICE OF CHESTER COUNTY);
GOLDBERG, MEANIX, MCCALLIN & MUTH; USA BANK
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:16-cv-04721)
District Judge:  Honorable Nitza I. Quiñones Alejandro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 3, 2017

Before: VANASKIE, SHWARTZ and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 12, 2017)

_____

OPINION[*]

_____

PER CURIAM

Cynthia Yoder appeals pro se from the District Court's October 3, 2016 order dismissing her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm that order.

I.

Because we write primarily for the parties, we discuss the background of this case only briefly. Yoder is the daughter of Rance and Darlene Strunk, and she holds power of attorney for them. In 2011, Wells Fargo initiated mortgage foreclosure proceedings against the Strunks in Pennsylvania state court. Since that time, the District Court has entertained multiple pro se lawsuits brought by Yoder and the Strunks against Wells Fargo and others relating to the mortgage foreclosure.

The District Court dismissed the first lawsuit in 2012 for failure to satisfy Federal Rule of Civil Procedure 8(a)(2)'s requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The District Court

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

dismissed the second and third lawsuits in 2013 and 2014, respectively, for failure to satisfy Rule 8(a)(2) and because the claims were barred by the doctrine of res judicata. The District Court dismissed the fourth lawsuit in March 2016, once again invoking the doctrine of res judicata.[1]  No appeal was taken from the first lawsuit, and we affirmed the District Court's judgment in each of the three subsequent cases.  See Yoder v. Wells Fargo Bank, N.A., 566 F. App'x 138, 142 (3d Cir. 2014) (per curiam); Strunk v. Wells Fargo Bank, N.A., 614 F. App'x 586, 589 (3d Cir. 2015) (per curiam); Strunk v. Wells Fargo Bank, N.A., 669 F. App'x 609, 610 (3d Cir. 2016) (per curiam).[2]

In August 2016, Yoder, acting alone, filed another lawsuit in the District Court relating to the mortgage foreclosure.  The District Court granted her accompanying application to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[3]  On October 3, 2016, the District Court dismissed Yoder's complaint without leave to amend, concluding that the complaint was malicious under § 1915(e)(2)(B)(i),[4] that any new claims brought against the judges who handled the

---

[1] Yoder was not a plaintiff in the 2014 and 2016 cases.

[2] Yoder also filed a lawsuit in Pennsylvania state court, raising claims against the attorneys who had represented Wells Fargo in the foreclosure proceedings.  In 2012, the state court entered judgment in the defendants' favor.

[3] Under this statute, a district court shall dismiss a complaint if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

[4] The District Court stated that Yoder's complaint

> essentially duplicates the claims and allegations raised in her and her parents' prior lawsuits even though those prior complaints were rejected by the courts.  In light of the fact

earlier state and federal cases were barred by the doctrine of judicial immunity, and that [the court] "cannot discern any other basis for [a] plausible claim that is not precluded." (Dist. Ct. Mem. entered Oct. 3, 2016, at 8.) This timely appeal followed.[5]

## II.

Yoder's appellate brief does not challenge the District Court's conclusion that her latest complaint is malicious under § 1915(e)(2)(B)(i). Accordingly, we deem that issue waived. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in [her] opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.") (internal quotation marks omitted); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying waiver doctrine to pro se appeal). On the other hand, Yoder's brief appears to preserve a challenge to the District Court's conclusion that the doctrine of judicial immunity barred her claims alleging that her rights were violated by the judges who presided over the earlier litigation. Nevertheless, that challenge lacks merit. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) ("A judicial officer in the performance of his duties

---

> that this is now the sixth case filed by Yoder and/or her parents concerning essentially the same subject matter, this Court concludes that the complaint filed amounts to an abuse of process which may be dismissed as malicious.

(Dist. Ct. Mem. entered Oct. 3, 2016, at 6-7.)
[5] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

4

has absolute immunity from suit and will not be liable for his judicial acts."). To the extent that Yoder contends that the District Judge who presided over the current action was biased against her, we see no evidence of any bias.[6] We have considered the remaining arguments raised in Yoder's brief and conclude that none of them entitles her to relief here.

In light of the above, we will affirm the District Court's October 3, 2016 order dismissing Yoder's complaint.

---

[6] Any dissatisfaction that Yoder might have with the District Judge's decision is not a basis for the District Judge's recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).