**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3095

_____

CYNTHIA M. YODER,
                                            Appellant

v.

WELLS FARGO BANK, N.A., ET AL.; ISMAE HERNANDEZ, V.P. Loan Documents;
MS. VANESSA JONES, Executive Resolution Specialist, July 16, 2018; MS. LISA
WHITTPOTTER; STEVENS AND LEE; MS. STACI SCRIVANI; MR. CRAIG
HINIERSEN; PHELAN HALLINAN & SCHMIEG, LLP; JUSTIN M. SCHIFF, Current
Attorney, Docket 11-11974; JENINE REBECCA DAVEY, United States Bankruptcy
Court Philadelphia, PA; MS. JENNIFER GORCHOW, Bankruptcy Attorneys; MS.
COURTENAY R. DUNN; MR. JOSEPH SCHALK; HLADKI, ONORATO &
FEDERMAN, LLP

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-cv-03111)
District Judge: Honorable Gene E.K. Pratter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2019
Before:  CHAGARES, BIBAS and GREENBERG, Circuit Judges

(Opinion filed April 2, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Cynthia M. Yoder appeals pro se from an order of the United States District Court for the Eastern District of Pennsylvania that imposed a filing injunction. For the reasons discussed below, we will affirm.

Under the All Writs Act, 28 U.S.C. § 1651(a), District Courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation. See Chipps v. U.S. Dist. Court for Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989). Such an injunction is an exception to the general rule of free access to the courts and its use against a pro se plaintiff must be approached with caution. In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982). We have recognized that a filing injunction is an extreme measure that must "be narrowly tailored and sparingly used." In re Packer Ave. Assoc., 884 F.2d 745, 747 (3d Cir. 1989). Indeed, "[t]he broad scope of the District Court's power … is limited by two fundamental tenets of our legal system – the litigant's rights to due process and access to the courts." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). Consequently, a District Court must comply with certain requirements when imposing a filing injunction: (1) the order should be entered only in exigent circumstances, such as when a litigant continuously abuses the judicial process by filing meritless and repetitive actions; (2) the District Court must give notice to the litigant to show cause why the proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case. Id. We review the imposition of such a filing

2

injunction for abuse of discretion.  See Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987).

The District Court was justified in holding that exigent circumstances existed, as Yoder has repeatedly asserted meritless claims related to a foreclosure action that Wells Fargo Bank initiated against her parents in 2011.  Since that time, Yoder has filed numerous complaints against Wells Fargo, as well as other individuals and entities connected to the foreclosure proceedings and the sheriff's sale of her parents' home.  The complaints cited the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Victims of Crime Act, and various other state and federal causes of action.  The District Court rejected each of these lawsuits, concluding, inter alia, that Yoder lacked standing to raise claims on her parents' behalf, failed to allege sufficient facts to state a plausible claim for relief, and asserted claims that essentially duplicated allegations raised in her prior state and federal lawsuits.  See Yoder v. Wells Fargo Home Mortg., 2012 WL 6562837, at *2 (E.D. Pa. Dec. 17, 2012); Yoder v. Wells Fargo Bank, N.A., 2013 WL 5574421, at *3 (E.D. Pa. Oct. 9, 2013), aff'd, 566 F. App'x 138 (3d Cir. May 9, 2014) (per curiam); Yoder v. Wells Fargo Bank, N.A., 2016 WL 5682486, at *3 (E.D. Pa. Oct. 3, 2016), aff'd, 693 F. App'x 166 (3d Cir. July 12, 2017) (per curiam); Yoder v. Well Fargo Bank, N.A., 2018 WL 3772093 (E.D. Pa. Aug. 8, 2018); Yoder v. Good Will Steam Fire Engine Co. No. 1, 2018 WL 3419259, at *4 (E.D. Pa. July 13, 2018), aff'd 740 F. App'x 27 (3d Cir. Oct. 16, 2018).  This series of meritless lawsuits shows an abuse of the court system and an unwillingness to accept adverse judgments that, because it is likely to continue, warrants restrictions on Yoder's litigating opportunities.

The District Court also gave Yoder ample notice. In 2016, the District Court notified Yoder that "any further attempts to re-litigate matters pertaining to her parents' mortgage or the foreclosure may cause her to be subject to a pre-filing injunction. Yoder, 2016 WL 5682486, at *3. Nevertheless, in July 2018, Yoder filed the underlying complaint against Well Fargo, which the District Court dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B). After noting that "Yoder's allegations replicate many of the allegations raised in the prior cases … regarding the foreclosure proceedings[,]" the District Court directed her to show cause why she should not be enjoined from filing lawsuits concerning the foreclosure proceedings. Yoder had an opportunity to respond, and indeed filed a response within the time provided by the District Court.[1] The District Court entered its injunction shortly thereafter. Thus, the notice requirement was followed.

We further conclude that the District Court order was properly narrow in scope, enjoining Yoder only from "filing lawsuits—whether on her own behalf or on behalf of her parents by virtue of her power of attorney—about the 2011 mortgage foreclosure proceedings on property at 1319 Ellis Wood Road in Pottstown, Pennsylvania, and any matters related to efforts to collect on her parents' mortgage debt or their bankruptcy proceedings, including cases against Wells Fargo, Stevens & Lee, Phelan Hallinan & Schmeig, LLP, and employees or agents for those entities. This injunction covers cases and claims raised by Ms. Yoder alleging that Wells Fargo, Stevens & Lee, Phelan Hallinan & Schmeig, LLP,

---

[1] In her response to the show cause order, Yoder repeated the claims that she has unsuccessfully raised in her prior cases, suggesting that, without an injunction, she would continue to pursue meritless claims.

4

employees or agents for those entities, or others failed to honor the power of attorney Ms. Yoder claims that she holds for her parents in connection with any financial dealings or court cases related to her parents' debts or the foreclosure." See Gagliardi, 834 F.2d at 83 (stating that the injunction "should be limited to the preclusion of future lawsuits arising out of the same matters that were the subject of the … dismissed actions."). Although the injunction further directs the Clerk to return to Yoder any new complaints that raise claims "covered by [the] injunction," it also specifically contemplates that Yoder can still file complaints about matters unrelated to the foreclosure. Cf. Abdul-Akbar v. Watson, 901 F.2d 329, 333 (3d Cir. 1990) (approving of a pre-filing injunction that contains a statement that, in seeking leave of court, a litigant must certify, inter alia, that the claims she wishes to present are new claims never before raised and disposed of on the merits by any federal court). Yoder's unrestricted ability to file such complaints demonstrates that the injunction is not overly broad. See Farguson v. MBank Houston, N.A., 808 F.2d 358, 360 (5th Cir. 1986) (upholding injunction that related "only to the same claims against the same defendants" and did not prohibit "[o]ther claims or claims against other parties.").

In sum, we conclude that the District Court's injunction was warranted and complied with the requirements as set forth in Brow. Accordingly, because the District Court did not abuse its discretion, we will affirm.[2]

---

[2] Yoder's "Motion for Relief and Procedural Order Due to New Evidence Per Rules of Appellate Procedure 27(a), 27(b)" is denied.